**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| EAGLE SUSPENSIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-611-G |
| | § | |
| HELLMAN WORLDWIDE | § | |
| LOGISTICS, INC., | § | |
| | § | |
| Defendant, | § | |
| | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the order of reference filed May 16, 2013, before the Court are *Plaintiff's Motion for Attorneys' Fees and Costs*, filed April 24, 2013 (doc. 114) and *Defendant's Motion for Leave to File Supplemental Response Brief*, filed June 5, 2013 (doc. 133). Based on the relevant filings and applicable law, Plaintiff's request for attorneys' fees and conditional appellate attorneys' fees should be **GRANTED**, and its requests for taxable costs and pre-judgment interest should be deemed **MOOT**. Defendant's motion for leave to file a surreply is **DENIED** as moot.

**I. BACKGROUND**

Plaintiff Eagle Suspensions, Inc. (Plaintiff) contracted with Defendant Hellman Worldwide Logistics, Inc. (Defendant) for the shipment of two large industrial presses from Mexico to Durant, Oklahoma. (Doc. 55 at 2-3.)[1] Plaintiff brought this action when Defendant failed to deliver the industrial presses as agreed, asserting three claims: (1) federal common law non-delivery of goods; (2) breach of contract; and (3) breach of fiduciary duty. (*See* doc. 55 at 1.)

---

[1] Citations to the record refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

Both parties filed their respective motions for summary judgment on August 31, 2012. (Docs. 18, 21.) Both motions were denied based on the existence of genuine issues of material fact. (Doc. 53.) Defendant subsequently stipulated to liability on the federal common law non-delivery claim. (Doc. 56 at 1.) After a three-day jury trial, the jury found for Plaintiff on the two remaining claims and awarded $297,500 in compensatory damages and $30,000 in exemplary damages. (Docs. 111; 112 at 2; 115 at 8.) Final judgment was entered in Plaintiff's favor on April 10, 2013, awarding it the damages found by the jury as well as court costs, prejudgment interest, and post-judgment interest. (Doc. 112 at 2-3.) The judgment noted that if Plaintiff applied for attorneys' fees, an award of fees would be set forth in a separate judgment pursuant to Federal Rules of Civil Procedure 54(d)(2)(C). *Id.* Defendant filed its notice of appeal on May 9, 2013, and the appeal is still pending. (Doc. 118.)

Plaintiff filed its motion for attorneys' fees and costs on April 24, 2013. (Doc. 114.) After a timely response and reply, Defendant filed its motion for leave to file supplemental response on June 5, 2013. (Docs. 122, 129, 133.) The motions are ripe for recommendation.

## II. MOTION TO FILE SURREPLY

Plaintiff attached three additional documents as evidence to its reply brief without leave of court. (Docs. 129-1 through 129-3.) Defendant moves for leave to file a supplemental response, in essence a surreply, to address this new evidence as well as what it contends are new arguments. (Doc. 133.)

"[A] reply brief that presents dispositive evidence by way of new affidavits and exhibits deprives the nonmovant of a meaningful opportunity to respond." *Spring Indust., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991). If the new evidence is necessary, the

2

movant should confer with the nonmovant and the parties should agree to the submission as well as an opportunity for the nonmovant to respond. *Id.* at 240. Because Plaintiff has failed to confer with Defendant and injected new evidentiary materials without affording Defendant an opportunity to respond, the Court exercises its discretion to exclude the additional evidence. *See Spring Indust., Inc.* 137 F.R.D. at 239 ("where a movant has injected new evidentiary materials in a reply without affording the nonmovant an opportunity for further response, the court still retains the discretion to decline to consider them"). Defendant's motion to file a surreply is therefore denied as moot.[2]

### III. REQUEST FOR ADVERSARY PROCEEDING

Citing Federal Rules of Civil Procedure 54(d)(2)(C), Defendant seeks a scheduling order for a post-trial adversary proceeding on the attorneys' fees issue. (Doc. 122 at 1-2.) Alternatively, it seeks to delay entering the post-trial adversary proceeding scheduling order until after the appeal has been resolved. (Doc. 122 at 2.)

Federal Rules of Civil Procedure 54(d)(2)(C) states:

Subject to Rule 23(h), the court must, on a party's request, give an opportunity for adversary submissions on the motion in accordance with Rule 43(c) or 78. The court may decide issues of liability for fees before receiving submissions on the value of services. The court must find the facts and state its conclusions of law as provided in Rule 52(a).

Fed. R. Civ. P. 54(d)(2)(C). Defendant relies on the language that "the court *must*, on a party's request, give an opportunity for adversary submission . . ." in support of is argument that it is entitled to a scheduling order for a post-trial adversary proceeding. (*See* doc. 122 at 1.) The rule

---

[2] Defendant's motion is also subject to denial because the proposed surreply merely restates the arguments in its response. *See Williams v. Aviall Serv. Inc.*, 76 Fed. App'x 534, 535 (5th Cir. 2003) (affirming the denial of a party's motion for leave to file a surreply because the surreply did not include new arguments or evidence); *see also Berkman v. City of Keene*, No. 3:10-CV-2378-B, 2011 WL 3268214 (N.D. Tex. July 29, 2011) (denying a party's motion for leave to file a surreply because the proposed surreply involved no new issues).

does not grant Defendant a right to a post-trial adversary proceeding, only an opportunity for adversary *submissions*. *See e.g.*, *B & B Hardware, Inc. v. Fastenal Co.*, 4:10-cv-00317-SWW, 2011 WL 6829625, at *3 n.3 (E.D. Ark. Dec. 16, 2011) (ruling that an award of attorney's fees can be determined "based on the submissions before the Court"). Because Defendant has already filed its adversary submissions, its request for a scheduling order is **DENIED.** Because it is not entitled to a post-trial adversary proceeding, its request to delay such a proceeding is also **DENIED**.

## IV. ATTORNEYS' FEES

Plaintiff seeks an award of attorneys' fees under the Texas Civil Practice and Remedies Code § 38.001(8).[3] (Doc. 115 at 9.)

**A.** **Applicable Law**

Defendant argues that because Plaintiff brought a federal claim and invoked federal question jurisdiction, federal substantive law should apply.[4] (Doc. 122 at 3.)

Federal law governs claims for attorney's fees for federal common law claims. *See Modelewski v. Resolution Trust Corp.*, 14 F.3d 1374, 1379 (9th Cir. 1994). Under federal law, each party is to "bear his own litigation expenses, including attorney's fees, regardless whether he wins or loses." *Fox v. Vice*, 131 S. Ct. 2205, 2213 (2011). This is often referred as "American Rule." *Id.*

When a case involves both federal claims and state law claims, however, an award of attorneys' fees is permitted if the state law permits attorneys' fees for the state law claims. *See*

---

[3] Defendant stipulated to its liability on the federal common law non-delivery claim, and the jury found it liable for the two remaining state law claims and awarded $297,500 in compensatory damages and $30,000 in exemplary damages. (See doc. 111 at 5-6, 11-12, 13, 19-20.)

[4] Notably, Defendant argued in its motion for summary judgment that federal question jurisdiction did not exist in this case. (*See* doc. 21-1 at 19-21.)

4

*Garrett v. Midwest Const. Co.*, 619 F.2d 349, 352-53 (5th Cir. 1980). In *Garrett*, the subcontractor plaintiff brought a federal claim under the Miller Act as well as a state law breach of contract claim against the general contractor defendant, alleging the defendant's failure to pay for services as contemplated under a contract. *Id.* at 350-52. On appeal, the court noted that "to the extent [the attorneys' fees] is based on the Miller Act claim," it should be reversed under American Rule. *Id.* at 352. It found, however, that American Rule did not apply to the state law claim. *Id.* at 352-53. Because both claims arose from the same breach of contract, the appellate court affirmed the award of attorneys' fees under Texas law. *Id.* at 353-54.

Similarly, Plaintiff in this case brought a federal common law non-delivery claim and state breach of contract and breach of fiduciary duty claims based on Defendant's failure to deliver two industrial presses as agreed. (*See* docs. 1, 19, 55.) Even though the American Rule may apply to the federal common law non-delivery claim, an award of attorneys' fees for the state claims is controlled by Texas law. *See Garrett*, 619 F.2d at 353-54; *see also Chevron USA, Inc. v. Aker Maritime Inc.*, 689 F.3d 497, 505 (5th Cir. 2012). Given that the federal claim and the state law claims arose from the same breach, Plaintiff may recover attorneys' fees to the extent Texas law permits it. *See Garrett*, 619 F.2d at 353-54.

**B.      Federal Preemption**

Defendant also argues that the Carmack Amendment preempts Plaintiff's claim for attorneys' fees. (Doc. 122 at 3.) It cites *Sam Majors Jewelers v. ABX, Inc.*, 117 F.3d 922, 926 (5th Cir. 1997), which states that "via the Carmack Amendment, Congress [ ] totally preempted *state regulation* of liability of common carriers." (Doc. 122 at 3 (emphasis added).) Citing *Chatelaine, Inc. v. Twin Modal, Inc.*, 737 F.Supp.2d 638, 643 (N.D. Tex. 2010), Defendant also asserts that § 14501

expressly preempts Plaintiff's attorneys' fees claim. The District Court impliedly rejected the preemption argument when it denied Defendant's motion for summary judgment, however. (*See* docs. 38 at 6-7; 53.)[5] As noted above, Plaintiff may recover attorneys' fees on its state law claims to the extent Texas law permits it. *See Garrett*, 619 F.2d at 353-54. Defendant has cited no authorities to the contrary.

C.  **Reasonable and Necessary Attorneys' Fees**

Defendant asserts that Plaintiff's requested attorneys' fees are not reasonable and necessary for four reasons: (1) Plaintiff failed to segregate its fees; (2) Defendant is unable to determine the reasonableness or necessity of the fees due to the redaction of Plaintiff's billing records; (3) Plaintiff acted in bad faith when it refused to provide unredacted billing records; and (4) Defendant is entitled to discovery on the billing record redaction. (Doc. 122 at 4-7.)

"The Texas Civil Practice and Remedies Code permits prevailing parties to recover their attorneys' fees in breach of contract claims." *Barrington Group Ltd. v. Classic Cruise Holdings S. De. R.L.*, No. 3:08-CV-1813-B, 2010 WL 2484398, at *2 (N.D. Tex. June 18, 2010) (citing to Tex. Civ. Prac. & Rem. Code § 38.001(8) (West 2008)). To qualify for fees under the Texas Civil Practice and Remedies Code § 38.001(8), a party must prevail on a breach of contract claim and recover damages. *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 666 (Tex. 2009). "If a party has recovered on such a claim, an award of reasonable fees is mandatory." *Fluorine On Call, Ltd. v. Fluorogas, Ltd.*, 380 F.3d 849, 866 (5th Cir. 2004) (applying Texas law). "Although courts should consider several factors when awarding attorney's fees, a short hand version of these

---

[5] Additionally, the court in *Chatelaine, Inc.*, observed that although state laws that regulate interstate transportation of goods are preempted under the Interstate Commerce Act (i.e. § 14501), the Supreme Court exempted breach of contract claims from preemption. *Id. Chatelaine* does not support Defendant's preemption argument.

6

considerations is that the trial court may award those fees that are 'reasonable and necessary' for the prosecution of the suit." *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991).

In *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997), the Texas Supreme Court identified the following factors to determine the reasonableness of attorney's fees:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
>
> (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Id.* at 818 (citing Tex. Disciplinary R. Prof'l Conduct 1.04(b)). The fee applicant is not required to present evidence on all of the factors. *Weaver v. Jamar*, 383 S.W.3d 805, 814 (Tex. App.–Houston [14th Dist.] 2012, no pet.). "The trial court may also consider the entire record, the evidence presented on reasonableness, the amount in controversy, the common knowledge of the participants as lawyers and judges, and the relative success of the parties." *Id.* Further, § 38.003 "creates a statutory presumption that the 'usual and customary attorney's fees' are reasonable for a chapter 38 claim." *Haden v. David J. Sacks, P.C.*, 332 S.W.3d 503, 513 (Tex. App.–Houston [1st Dist.] 2009,

7

pet. denied) (citation omitted). The presumption is rebuttable, however. *See* Tex. Civ. Prac. & Rem. Code § 38.003.

### 1.   *Segregation of Fees*

Defendant first argues that Plaintiff should not recover any attorneys' fees because it failed to segregate fees related to the non-recoverable claims from the recoverable claim of breach of contract. (Doc. 122 at 4-5.)

Plaintiff must "show that the fees were incurred while suing the defendant sought to be charged with the fees on a claim which allows recover of such fees" to prove reasonableness and necessity. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991) (*Stewart Title II*). The fee applicant "thus is ordinarily required to segregate fees incurred on claims allowing recovery of fees from those that do not." *Stewart Title Guar. Co. v. Aiello*, 941 S.W.2d 68, 73 (Tex. 1997) (*Stewart Title I*). "This standard does not require more precise proof for attorney's fees than for any other claims or expenses, and does not require separate time records for different claims." *Structural Metals, Inc.*, 2013 WL 3790307, at *5.

There is an exception, however. The exception to segregate fees applies "when the attorney's fees rendered are in connection with claims arising out of the same transaction and are so interrelated that their prosecution or defense entails proof or denial of essentially the same facts." *Stewart Title II*, 822 S.W.2d at 11 (internal quotation marks omitted). "It is only when discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated." *Tony Gully Motors v. Chapa*, 212 S.W.3d 299, 313-14 (Tex. 2006); *see also A.G. Edwards & Sons, Inc. v. Beyer*, 235 S.W.3d 704, 710 (Tex. 2007).

Here, Plaintiff contracted with Defendant for it to deliver two industrial presses from Mexico

8

to Oklahoma. (*See* docs. 111 at 4.) Defendant failed to deliver the presses and all three of Plaintiff's claims arose from the facts surrounding the failed delivery. (*See generally* docs. 1, 19, 55.) As admitted by Defendant, "the breach of fiduciary duty claim is not a separate tort claim from [Plaintiff's] breach of contract claim[]" because "the allegations raised under [Plaintiff's] breach of contract claim . . . exactly mirrors the allegations raised under [Plaintiff's] breach of fiduciary claim." (Doc. 28 at 5.) Where there is such close relationship, Texas courts permitted recovery of attorneys' fees on unrecoverable claims. *See Bates v. Tex. State Technical Coll.*, 983 S.W.2d 821, 831 (Tex.App.–Waco 1998, pet. denied) ("Attorney's fees for a fraud claim may be recoverable in connection with another cause of action on which attorney's fees are recoverable when the claims are so interrelated that the prosecution or defense of the claims requires proof of the same facts."); *Gill Sav. Ass'n v. Chair King, Inc.*, 783 S.W.2d 674, 680 (Tex.App.–Houston [14th Dist.] 1989) ("Although the recovery in this case is in tort, an award of attorney's fees is permissible since there was a claim for and a finding of breach of contract, and the tort complained of arose out of that breach.") *modified on other grounds by Gill Sav. Ass'n v. Chair King, Inc.*, 797 S.W.2d 31 (Tex. 1990). All of Plaintiff's claims are "so intertwined that they need not be segregated." *Tony Gully Motors*, 212 S.W. 3d at 314.[6] This objection should be overruled.

### 2. *Competent Evidence*

Defendant's remaining three arguments relate to Plaintiff's redacted billing records and its refusal to provide an unredacted version. (Doc. 122 at 5-6.)

---

[6] The federal common law non-delivery claim arose from Defendant's failure to deliver the agreed shipment, so Plaintiff incurred the same damages for this claim as for the breach of contract claim. (*See* Doc. 55 at 7-8); *Garrett*, 619 F.2d at 353-54. The jury was instructed to "not award compensatory damages more than once for the same injury[]" and it awarded compensatory damages for the breach of contract claim, but not for the federal common law non-delivery claim. (Doc. 111 at 1, 6, 15.)

In Texas, documentary evidence, e.g. billing record, is not a requirement to recover attorney's fees. *See In re A.B.P.*, 291 S.W.3d 91, 99 (Tex. App.–Dallas 2009, no pet.); *see also Air Routing Intern. Corp. (Canada) v. Britannia Airways, Ltd.*, 150 S.W.3d 682, 692 (Tex. App.–Houston [14th Dist.] 2004, no pet.). If there is sufficient evidence to establish reasonable and necessary attorneys' fees, billing records are unnecessary to award attorneys' fees. *See id.*

Uncontroverted attorney's testimony or affidavit testifying to the attorney's qualifications, reasonableness of the attorney's fees, and the basis for such opinion may be sufficient to support an award of attorneys' fees. *See Clary Corp. v. Smith*, 949 S.W.2d 452, 469 (Tex. App.–Fort Worth 1997, no writ) ("Where . . . trial counsel's testimony concerning attorneys' fees is clear, positive and direct, and uncontroverted, it is taken as true as a matter of law. This is especially true where the opposing party had the means and opportunity of disproving the testimony, if it were not true, and failed to do so."); *In re Estate of Tyner*, 292 S.W.3d 179, 184-85 (Tex. App.–Tyler 2009, no pet.) (finding reasonableness based on uncontroverted attorney's testimony); *Sundance Minerals, L.P. v. Moore*, 354 S.W.3d 507, 514 (Tex. App.–Fort Worth 2011, pet. denied) (accepting an affidavit without billing records as sufficient evidence to support an award of attorney's fees). "The court, as a trier of fact, may award attorneys' fees *as a matter of law* in such circumstances, especially when the opposing party has the means and opportunity of disproving the testimony or evidence and fails to do so." *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990) (emphasis added).

Here, Plaintiff submits three declarations from its attorneys, one declaration from Plaintiff, the firm resume of all attorneys who were involved in the case, and the redacted billing records. (*See* doc. 116 at 3.) One of the attorney's declarations sets out the background information on the

10

attorneys and paralegals who worked on this case, (doc. 116 at 5-6, 8-11), and the hourly rates for each, (doc. 116 at 8-11), and it opines that the fees incurred are usual and customary as well as reasonable and necessary (doc. 116 at 12, 19, 170, 173, 177-78).  Plaintiff's counsel also provides a three-and-a-half-page list of actions taken to represent Plaintiff in this lawsuit.  (Doc. 116 at 12-15, 26-103.)  Plaintiff's counsel spent a total of 1,245.40 hours in prosecuting this suit, but in the exercise of billing judgment, it only billed 1,053.60 hours.[7]  (Doc. 116 at 12.)  Overall, Plaintiff's evidence satisfies one, three, four, seven, and eight of *Andersen* factors.[8]  *See In re Estate of Tyner*, 282 S.W.3d at 184 (". . . attorney swore under oath that he is a licensed attorney, he is familiar with the reasonable and necessary attorney's fees charged for appeals in civil actions such as this case, he has personal knowledge of the services rendered to [the party] in this matter, and those services were reasonable, necessary, and customary.  Thus, [the party's] attorney's affidavit sufficiently established reasonable attorney's fees and is legally sufficient to support the trial court's award of attorney's fees.").  Under Texas law, Plaintiff's evidence without the redacted billing records is "legally sufficient" for an award of attorneys' fees.  *Id.*

In response, Defendant vigorously attacks the redaction of the billing records, but does not submit evidence or otherwise controvert other competent evidence submitted by Plaintiff.  Notably, Defendant does not challenge or controvert the three-and-a-half-page list of actions submitted by Plaintiff's counsel.  (Doc. 116 at 12-15.)  By failing to rebut or controvert competent evidence

---

[7]Billing judgment "refers to the usual practice of law firms in writing off unproductive, excessive, or redundant hours[.]"  *Walker v. U.S. Dept of Housing and Urban Development*, 99 F.3d 761, 769 (5th Cir. 1996).

[8]Factors two, five, and six are neutral.  For factor two, although Plaintiff's counsel stated that acceptance of the case precluded other employment, he further stated that he billed additional 2500 hours on top of the hours billed for the present suit in 2012, an evidence that he was in fact engaged in other employment.  Plaintiff's counsel acknowledge factors five and six are neutral because Plaintiff had not imposed any time limitations and Plaintiff engaged its counsel for the first time in this case.

produced by Plaintiff, Defendant fails to overcome the presumption that Plaintiff's counsel's usual and customary attorneys' fees are unreasonable. *See Clary Corp.*, 949 S.W.2d at 469. Plaintiff's requested attorneys' fees are reasonable as a matter of law. *See Ragsdale*, 801 S.W.2d at 882. Its motion should be **GRANTED**.

**C.     Conditional Appellate Attorneys' Fees**

In case of unsuccessful appeal by Defendant, Plaintiff requests conditional appellate attorneys' fees as follow:

   a.   For all post-trial motions, perfecting appeal, docketing, obtaining the record, motion practice in the Fifth Circuit, appellate briefs, oral argument in the Fifth Circuit, and any post-judgment briefs, estimated attorney's fees of $75,000.

   b.   For any response to a petition for writ of certiorari before the United States Supreme Court, estimated attorney's fees of $25,000.

   c.   For any briefs on the merits, oral argument, and post-argument briefing before the United States Supreme Court, estimated attorney's fees of $75,000.

(Doc. 115 at 21.) In Texas, "[i]t is well-settled that the trial court's award of attorney's fees may include appellate attorneys' fees." *Jones v. American Airlines, Inc.*, 131 S.W.3d 261, 271 (Tex. App.–Fort Worth 2004, no pet.) (citations omitted). In order for the conditional appellate attorney's fees to be awarded, "there must be evidence of the reasonableness of the fees pertaining to the appellate work[.]" *Id.* When the fee-opponent does not object or challenge the request for conditional appellate attorney's fee supported by evidence, it is generally awarded. *See Keeton v. Wal-Mart Stores, Inc.*, 21 F.Supp.2d 653, 663 (E.D. Tex. 1998) (applying Texas law, the court granted the fee-applicant's request for conditional appellate attorney fees, especially in the absence of the fee-opponent's objection); *Nalle Plastics Family Ltd. P'ship v. Porter, Rogers, Dahlman &*

*Gordon, P.C.*, 406 S.W.3d 186, 211-12 (Tex. App.–Corpus Christi-Edinburg 2013, pet. filed) (overturning the jury's award of zero conditional appellate attorney's fees, the court ruled that when the fee-opponent failed to challenge the reasonableness or necessity of the appellate fees as testified by the fee-applicant attorney, "no reasonable juror could have concluded that zero conditional appellate attorney's fees should have been awarded."); *Morales v. Rice*, 388 S.W.3d 376, 385 (Tex. App.–El Paso 2012, no pet.) (affirming the trial court's award of conditional appellate attorney's fees based on the testimony of the party's attorney). Plaintiff's counsel, in his declaration, opined that the requested conditional appellate attorneys' fees are reasonable and necessary. (Doc. 116 at 20-21.) Defendant failed to object or challenge the reasonableness and necessity of the request. Plaintiff's request for conditional appellate attorneys' fees should be **GRANTED**.

## V. TAXABLE COSTS AND PREJUDGMENT INTEREST

Plaintiff moves for an award of taxable costs. (Doc. 115 at 21-23.) It filed its bill of costs on the same day it filed this motion, and the taxable costs were awarded by the Clerk of the Court on May 8, 2013. (*See* docs. 113; 117.) Plaintiff's request for an award of taxable costs is therefore **MOOT**.

Plaintiff also moves for prejudgment interest. (Docs. 114 at 1; 115 at 23-24.) This request is **MOOT** because final judgment already awarded Plaintiff the exact amount of prejudgment interest requested in its motion. (*See* doc. 112.)

## VI. RECOMMENDATION

The motion for award of attorneys' fees in the amount of $255,634 should be **GRANTED**. If Defendant is unsuccessful on appeal, contingent appellate attorneys' fees should be **GRANTED** in the amount of $75,000 for the appeal to the Fifth Circuit, $25,000 for briefing on the writ of

13

certiorari, and $75,000 for the briefing on the merits and oral argument before the Supreme Court.

Plaintiff's requests for taxable costs and pre-judgment interest should be denied as **MOOT**.

**SO RECOMMENDED on this 11th day of February, 2014.**

	*[signature]*
	IRMA CARRILLO RAMIREZ
	UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

	A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

	*[signature]*
	IRMA CARRILLO RAMIREZ
	UNITED STATES MAGISTRATE JUDGE