UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

EAGLE SUSPENSIONS, INC.,            )
                                    )
            Plaintiff,              )
                                    )            CIVIL ACTION NO.
VS.                                 )
                                    )            3:12-CV-0611-G
HELLMANN WORLDWIDE                  )
LOGISTICS, INC.,                    )
                                    )
            Defendant.              )

### ORDER ACCEPTING IN PART THE FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND SUSTAINING IN PART OBJECTIONS THERETO

The United States Magistrate Judge made findings, conclusions, and

recommendations in this case.  *See* Findings, Conclusions, and Recommendation of

February 11, 2014 ("Findings") (docket entry 140).  The defendants filed objections

to a number of elements in the magistrate judge's ruling.  *See* Defendant's Objections

to Findings and Recommendation (docket entry 141).  The plaintiff filed a response

to those objections, *see* Plaintiff's Brief in Opposition to Objections to Findings and

Recommendation (docket entry 144), and the defendant filed a reply in support of its

objections.  *See* Defendant's Reply Brief in Support of Its Objections to Findings and

Recommendation (docket entry 146).  The district court has made a *de novo* review of those portions of the proposed findings, conclusions, and recommendation to which objections were made.

While the court agrees with plaintiff Eagle Suspensions, Inc. ("Eagle") that many of the objections should be overruled, it does appear that Eagle should be required to segregate its fees.  As noted in the magistrate's findings, Texas law only entitles Eagle to fees incurred while bringing its breach of contract claim, not its breach of fiduciary duty or federal common law claims.  *See* Findings at 6.  However, because the claims all arose under a common set of facts, and because defendant Hellmann Worldwide Logistics, Inc. ("Hellmann") argued that the breach of fiduciary duty claim was interrelated with the breach of contract claim earlier in this case, the magistrate judge held that the fees were sufficiently interrelated that they need not be segregated.  *Id.* at 8-9.  Hellmann objected to this holding, arguing that Eagle's claims were distinct enough to require segregation.  *See* Defendant's Brief in Support of Its Objections To Findings and Recommendation at 5-9 (docket entry 142).

Under Texas law, a fee applicant "is ordinarily required to segregate fees incurred on claims allowing recovery of fees from those that do not."  *Stewart Title Guaranty Co. v. Aiello*, 941 S.W.2d 68, 73 (Tex. 1997).  In certain limited circumstances, a plaintiff can avoid this requirement if he can show that a recoverable and an unrecoverable claim are sufficiently intertwined that he would have done the

same work for which he is requesting attorneys fees even if he had not brought the unrecoverable claim. See *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311-12 (Tex. 2006). However, this showing requires more than just pointing out a common set of facts: "Intertwined facts do not make tort fees recoverable; it is only when discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated." *Id.* at 313-14. The Texas Supreme Court later reiterated that "[i]n *Chapa*, we reestablished the rule that attorney's fees are recoverable only if necessary to recover on a contract or statutory claim allowing them, and eliminated the exception for fees incurred solely on separate but arguably intertwined claims." *Varner v. Cardenas*, 218 S.W.3d 68, 69 (Tex. 2007).

The court concludes that while there may have been a common set of facts underlying Eagle's three claims, the claims were sufficiently distinct that counsel for Eagle must submit segregated billing invoices before the court can make a fair award of attorneys' fees. Eagle presented the claims separately for trial, alleging that Hellmann breached its contract with Eagle by not delivering the promised goods, and that after breaching the contract, Hellmann breached its fiduciary duties by failing to disclose the details of that breach. *See* Joint Pretrial Order at 5-8 (docket entry 90). Furthermore, the claims were submitted separately to the jury, and the jury awarded Eagle separate amounts for each claim. *See* Jury Verdict (docket entry 111). The

court also finds an important parallel between Eagle's claims and those of the plaintiff in *Chapa*:  "Chapa has insisted (and we have agreed) that her claims were more than a mere breach of contract -- they could be asserted in fraud.  But when it came time to segregate fees, her attorneys testified that their work on the fraud claim could not possibly be distinguished from that on the contract and DTPA claims.  Having prevailed in her argument that the claims are distinct, it is hard to see how she can also claim they are inextricably intertwined."  *Chapa*, 212 S.W.3d at 313.  Similarly, after bringing separate claims at trial, Eagle cannot now argue that those claims are so intertwined as to make segregation impossible.  Moreover, while the federal common law claim might be based on very similar allegations as the breach of contract claim, it appears that Eagle did separate work in researching and briefing the federal common law claim for which they should not be able to recover.

Note that a segregation of fees could result in only a small reduction in Eagle's total fee award.  Counsel for Eagle has pointed out that it would have been necessary to take much the same action had Eagle only brought a breach of contract claim.  *See* Reply in Support of Motion for Attorney's Fees at 8-9 (docket entry 129).  However, even just stating that "95 percent of their drafting time would have been necessary even if there had" only been a breach of contract claim would be preferable to their current attempt to recover all of their fees.  See *Chapa*, 212 S.W.3d at 314; see also *Kimberly-Clark Corporation v. Factory Mutual Insurance Company*, 3:05-CV-2097-B,

2008 WL 1958998, at *5 (N.D. Tex. Apr. 30, 2008) (Boyle, J.) (considering attorney testimony that a 15 percent fee reduction would appropriately account for segregated claims and reviewing court filings and unredacted billing invoices *in camera* to determine that a 30 percent fee reduction was warranted).

Segregation of Eagle's fee award will require the court to view an unredacted version of Eagle's billing invoices.  Therefore, Eagle is hereby **ORDERED** to submit an unredacted version of its billing invoices for the court to review *in camera* by **April 25, 2014**.  The court can then determine whether any actions taken or research conducted by the plaintiff's counsel were solely related to the breach of fiduciary duty or federal common law claims, and would not have been taken or conducted had the plaintiff only brought its breach of contract claim.  The plaintiff's motion for attorneys' fees and costs, filed April 24, 2013 (docket entry 114), is hereby **REFERRED** to the magistrate judge to make these further findings based on the unredacted billing records.

The court **ACCEPTS** all other aspects of the findings, conclusions, and recommendation of the magistrate judge.  Therefore, the plaintiff's motion for attorneys' fees and costs is **GRANTED** in part.  Accordingly, if the defendant is unsuccessful on appeal, the plaintiff is awarded contingent appellate attorneys' fees in the amount of $75,000 for the appeal to the Fifth Circuit, $25,000 for briefing on the writ of certiorari, and $75,000 for briefing on the merits and oral arguments

before the Supreme Court.  Furthermore, the plaintiff's requests for taxable costs and

pre-judgment interest are **DENIED** as moot, as recommended by the magistrate

judge.

April 11, 2014.

A. JOE FISH
**Senior United States District Judge**