**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **EAGLE SUSPENSIONS, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-611-G |
| | § | |
| **HELLMAN WORLDWIDE** | § | |
| **LOGISTICS, INC.,** | § | |
| | § | |
| **Defendant,** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the order dated April 11, 2014, before the Court are *Plaintiff's Motion for Attorneys' Fees and Costs*, filed April 24, 2013 (doc. 114), and *Plaintiff Eagle Suspensions, Inc.'s Motion for Leave to File Supplemental Brief in Support of Motion for Attorneys' Fees and Costs*, filed August 15, 2014 (doc. 151). Based on the relevant filings, evidence and applicable law, the plaintiff should be awarded $230,153.09 of its initial fee request dated April 24, 2013. The motion for leave to file a supplemental brief is **GRANTED**, and the plaintiff should be awarded additional attorneys' fees in the amount of $127,002.38.

**I. BACKGROUND**

On March 20, 2013, a jury found in favor of Eagle Suspensions, Inc. (Plaintiff) on its claims against Hellman Worldwide Logistics, Inc. (Defendant) for breach of contract, breach of fiduciary duty, and federal common law non-delivery. (Docs. 111, 112.) Plaintiff moved for attorneys' fees in the amount of $255,634.00, including $15,168.00 incurred in preparing for the motion for attorneys' fees, on April 24, 2013. (Docs. 114; 115 at 24; 116 at 16.)[1] It also sought conditional

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

appellate attorneys' fees in the amount of $75,000 for any appeal before the Fifth Circuit Court of Appeals and $100,000 for any appeal before the United States Supreme Court. (Doc. 115 at 21.) On February 11, 2014, it was recommended that the requested fees be awarded in full. (Doc. 140.) On April 11, 2014, the Court sustained Defendant's objection to Plaintiff's failure to segregate and exclude fees for work related solely to the claims for which fees were not recoverable, i.e., its federal common law non-delivery and breach of fiduciary duty claims, and re-referred the matter. (Doc. 147.) It accepted the remainder of the recommendation.

In the interim, Defendant unsuccessfully appealed the judgment against it. (Doc. 150.) Plaintiff filed a motion for leave to file a supplemental brief to provide evidence of the exact amount of attorneys' fees it incurred in defending the judgment on appeal as well as in litigating its fee request. (Doc. 151.) Defendant filed a response on August 27, 2014. (Doc. 155.) A hearing was conducted on October 31, 2014. (*See* doc. 161.) Both parties' counsel testified at the hearing.

## II. EVIDENTIARY OBJECTION

Plaintiff objected to Defendant's counsel's testimony on grounds that Defendant did not designate him as an expert on the attorneys' fees and also failed to present expert qualifications.

Expert disclosures must be provided by the deadlines imposed in the scheduling order. Fed. R. Civ. P. 26(a)(2)(D). If a party fails to provide information or identify a witness as required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). Defendant failed to show that its failure to designate counsel as an expert was substantially justified or harmless. *See PACT XPP Tech., AG v. Xilinx, Inc.*, 2:07-CV-563-RSP, 2012 WL 1034009, at *1 (E.D. Tex. Mar. 27, 2012) (noting that the party facing sanctions bears the

2

burden of showing harmlessness).

Even if the failure to designate was harmless, however, no evidence of his own qualifications to testify to the reasonable attorneys' fees was presented. *See* Fed. R. Evid. 702 ("[A] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise[.]"); *Mathis*, 302 F.3d at 459-60 (citing *Bourjaily v. United States*, 483 U.S. 171, 175 (1987)) ("The party offering the expert must prove by a preponderance of the evidence that the proffered testimony satisfies the rule 702 test."). Plaintiff's objection to the testimony is **SUSTAINED**.[2]

### III.  SEGREGATION OF FEES REQUESTED ON APRIL 24, 2013

Texas law[3] does not allow recovery of attorney's fees unless they are authorized by statute or contract. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310-11 (Tex. 2006)). Where a statute or contract allows recovery of fees for only some of the claims upon which a party has prevailed, that party must segregate the fees it incurred for those claims for which fees are recoverable from those for which they are not. *Id.* at 311. An exception to the duty to segregate arises where both types of claims arise "out of the same transaction and are so interrelated that their 'prosecution or defense entails proof or denial of essentially the same facts.'" *Id.* If the causes of action for which fees are not recoverable by statute or contract are "intertwined to the point of being inseparable" with those for which fees are recoverable, the prevailing party may recover the entire

---

[2]  Even if Defendant's counsel's testimony is considered, however, the ultimate conclusion regarding the appropriate amount of fees to be awarded does not differ.

[3]  An award of attorneys' fees "is governed by the same law that serves as the rule of decision for the substantive issues in the case." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Texas law provided the rule of decision on the breach of contract claim in this case, and it also authorizes the award of attorneys' fees related to the claim. *See* Tex. Civ. Prac. & Rem. Code § 38.001.

3

amount of fees. *Id.* For example, "[r]equests for standard disclosures, proof of background facts, depositions of primary actors, discovery motions and hearings, voir dire of the jury, and a host of other services may be necessary whether a claim is filed alone or with others. To the extent such services would have been incurred on a recoverable claim alone, they are not disallowed simply because they do double service." *Id.* at 313.

Here, Plaintiff submitted its unredacted billing invoices *in camera* as ordered, but the invoices did not segregate fees between claims. "A failure to segregate attorney's fees does not mean that the claimant cannot recover any attorney's fees. To the contrary, the amount of unsegregated attorney's fees for the entire case is some evidence of the amount of segregated attorney's fees." *Jacks v. G.A. Bobo*, No. 12-10-00163-CV, 2011 WL 2638751, at \*4 (Tex. App.–Tyler June 30, 2011, no pet.) (citing *Tony Gullo*, 212 S.W.3d at 314); *7979 Airport Garage L.L.C. v. Dollar Rent A Car Sys., Inc.*, 245 S.W.3d 488, 510 (Tex. App.–Houston [14th Dist.] 2007, pet. denied) ("But [the defendant] did not forfeit its right to recover attorneys' fees by failing to segregate them. The evidence it presented regarding the total amount of attorneys' fees it incurred is some evidence of what the segregated amount should be."). "Attorneys are not required to keep separate time records when drafting parts of a petition or completing other tasks that relate to claims for which attorney's fees are unrecoverable. Rather, an attorney may testify, for example, that a given percentage of the drafting time would have been necessary even if the claim for which attorney's fees are nonrecoverable had not been asserted." *Am. Intern. Indus., Inc. v. Scott*, 355 S.W.3d 155, 163 (Tex. App.–Houston [1st Dist.] 2011, no pet.) (internal quotation marks omitted); *see also Shed, L.L.C. v. Edom Wash'N Dry, L.L.C.*, No. 12-07-00431-CV, 2009 WL 692609 at \*10 (Tex. App.–Tyler Mar. 18, 2009, pet. denied) ("The usual method of proof of the amount of

reasonable attorney's fees is the opinion testimony of lawyers testifying as expert witnesses").

During the hearing on October 31, 2014, Plaintiff's counsel testified that the litigation process had nine different stages, and he assigned specific percentages of fees that should be excluded at each stage for work relating solely to claims other than the contract claim: (1) pre-suit investigation, 0%; (2) filing suit, 20%; (3) pre-discovery, 0%; (4) discovery, 10%; (5) mediation, 2%; (6) motion practice, 10%; (7) trial preparation, 10%; (8) trial, 15%; and (9) post-verdict, 5%. He concluded that a total reduction of 9.2 % was reasonable.

**A.    May 31, 2011 - January 31, 2012 (Pre-suit Investigation)**

Plaintiff's counsel testified that none of the fees incurred during the pre-suit investigation should be excluded. From May 31, 2011 through January 31, 2012, he deposed Defendant's representative, contacted the Mexican border in search of the presses in question, and conducted legal research. (Doc. 116 at 26-46.) Counsel devoted about 28% of his time during that stage to legal research. (*Id.*) The billing records for this period show research for claims other than the breach of contract claim. The Court finds that 14% of the fees should be excluded to account for the time spent on legal research unrelated to Plaintiff's contract claim. *See e.g., Kimberly-Clark Corp. v. Factory Mut. Ins. Co.*, 3:05-CV-2098-B, 2008 WL 1958998, at *4-6 (N.D. Tex. Apr. 30, 2008) (segregating 30% of the time spent during the pre-suit stage as involving non-contract claims). The amount of $2,971.50 should be deducted from the $21,225.00 requested for this stage of the litigation, and $18,253.50 should be awarded.

**B.    February 6, 2012 - March 15, 2012 (Filing Suit)**

From February 6, 2012 through March 15, 2012, Plaintiff's counsel conducted legal research, drafted and filed the complaint, served Defendant, and communicated with Plaintiff and opposing

5

counsel. (Doc. 116 at 46-50.) He testified that 20% of the time spent on preparing and filing the complaint related to the federal common law claim and breach of fiduciary duty claim. Based on the record, the Court agrees that 20% of the fees should be excluded from the total fees incurred during this stage of the litigation ($7,175.00). (*Id.*) A total of $5,740.00 should be awarded.

**C.       March 20, 2012 - June 12, 2012 (Pre-discovery Proceedings)**

From March 20, 2012 through June 12, 2012, the parties engaged in pre-discovery proceedings, including a Rule 26 conference, and filed joint status report and scheduling order. (Doc. 116 at 52-59.) Plaintiff's counsel testified that no fees should be excluded for this stage because Plaintiff would have incurred the same fees if it had pursued only the breach of contract claim. The Court agrees, and the total fee of $5,447.50[4] for this stage should be awarded.

**D.       July 19, 2012 - March 17, 2013 (Discovery, Mediation, Motions, Trial Preparation)**

Plaintiff's counsel divided this stage into four areas: (1) discovery ($37,845.00); (2) mediation ($3,825.00); (3) motion practice ($38,187.50); and (4) trial preparation ($104,366.50). He testified that 10% of the fees incurred during discovery, motion practice, and trial preparation stages, and 2% of fees incurred for mediation should be segregated and excluded.

The billing invoices reflect a total amount of fees incurred during this time period of $171,649.00,[5] but Plaintiff requests $184,224.00. The four areas also overlap, and any division between them is not discernible from the billing invoices, except for one entry for mediation dated September 12, 2012. (*See* doc. 116 at 66.) Plaintiff incurred $1,375.00 in fees for that day. (*Id.*)

---

[4] Plaintiff's counsel testified that the total fees incurred during this stage was $8,422.50. The billing invoices, however, total $8,510. (Doc. 116 at 52-59.) The billing invoices also show that Plaintiff's counsel discounted the fees by $3,062.50 during that same period. (*See* doc. 116 at 59.) The total is therefore $5,447.50 ($8,510 minus $3,062.50).

[5] All entries on the invoices for this time period ($204,684) were added, and all of the adjustments ($33,035) were subtracted. (*See* doc. 116 at 60-100.)

6

The Court agrees that the amount for mediation should be reduced by 2%, and a total of $1,347.50 should be awarded for mediation. (*See id.*) The fees incurred during the remaining three stages is $170,274.00, and counsel testified that 10% of fees should be excluded. This reduction is reasonable. Ten percent, $17,027.40, should be subtracted, and a total of $153,426.60 should be awarded. Plaintiff should recover $154,773.10 for the work done from July 19, 2012 through March 17, 2013.

**E.     March 18, 2013 - March 20, 2013 (Trial)**

From March 18, 2013 to March 20, 2013, Plaintiff tried the case to the jury. (Doc. 116 at 100-01.) Plaintiff's counsel testified that 15% of the fees spent on the breach of fiduciary claim during the opening and closing arguments and the evidence should be segregated and excluded from the total fees incurred during the trial.[6] Based on the evidence, a reduction of 15% appears reasonable. The amount of $3,369.38 should be excluded from the total fee of $22,462.50, and a total of $19,093.12 should be awarded for attorneys' fees incurred during the trial stage.

**F.     March 21, 2013 through April 11, 2013 (Post-verdict Matters)**

From March 21, 2013 through April 11, 2013, Plaintiff's counsel spent time on post-verdict matters, e.g., drafting the final judgment, calculating pre-judgment interest, and conferring with opposing counsel on a compromise. (Doc. 116 at 101-03.) He testified that 5% of the time spent on post-verdict matters should be deducted from the fee award because he spent some time on the breach of fiduciary claim when he drafted the final judgment. This assessment appears reasonable. From the total fee of $12,292.50, $614.63 should be deducted, and $11,677.87 should be awarded.

---

[6] Defendant had stipulated to liability on the federal common law non-delivery claim prior to the trial, so no time was spent on this claim. (Doc. 56 at 1.)

In conclusion, after reduction of the total requested fee award for work related solely to those claims for which fees are not recoverable by statute or contract, the total amount of fees that should be awarded through the post-verdict stage is $214,985.09.[7]  As noted, the Court's order accepted the recommendation that $15,168.00 be awarded for drafting and filing the April 2013 fee motion. Plaintiff should therefore recover a total of $230,153.09 in reasonable and necessary attorneys' fees based as a result of its original fee motion.  (Doc. 147.)

### IV.  MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF

Plaintiff moves for leave to file a supplemental brief to provide evidence of the "exact amount of reasonable and necessary attorneys' fees" it incurred defending the "judgment through appeal to the Fifth Circuit Court of Appeals[.]"  (Doc. 151 at 2.)

On April 11, 2014, the Court granted Plaintiff contingent appellate attorneys' fees in the amount of $75,000.  (Doc. 147 at 5.)  Defendant contends that this order was final, and that Plaintiff should not be allowed to re-litigate the issue.  (Doc. 155 at 20.)  Because the appellate attorneys' fees granted was contingent on Defendant's unsuccessful appeal, however, the award was not final. *See Hughes v. Habitat Apartments*, 828 S.W.2d 794, 795 (Tex. App.–Dallas 1992, no writ) ("Because an award of appellate attorney's fees is conditional upon the unsuccessful outcome of the appeal, it is not final award until after the appeal.")  Plaintiff's motion for leave to file a supplemental brief to provide evidence of the actual amount of fees incurred is therefore **GRANTED**.

Plaintiff has attached its proposed supplemental brief along with un-redacted billing invoices,

---

[7] Based on the evidence, Plaintiff incurred a total of $240,451.50 in fees during this period, and a reduction of fees in the amount of $25,265.41 was required for work on claims for which fees are not recoverable.  This amount constitutes 10.51% of the total fee.

8

Defendant has responded, and a hearing has been conducted. The request for additional fees will therefore also be considered.

### V. ADDITIONAL ATTORNEYS' FEES[8]

Plaintiff now seeks to recover an additional $133,534.00 incurred both in connection with the appeal, including a supersedeas bond motion, mediation, a supplemental letter brief, and in litigating its fee request after the filing of its initial motion in April 2013. (Doc. 151-1 at 3-5.)

Plaintiff submitted a supplemental declaration from its lead attorney and its unredacted billing records. (*See* docs. 116 at 3; 151-1 at 15-23.) The supplemental declaration also incorporated by reference from the original motion the background information and the hourly rates of the attorneys and paralegals who worked on this case.[9] (Doc. 116 at 5-6, 8-11; 151-1 at 15.) Plaintiff's counsel testified, as he stated in the declaration, that the fees incurred were usual and customary as well as reasonable and necessary. (Doc. 151-1 at 17.) Based on his exercise of billing

---

[8] As discussed in the February 11, 2014 recommendation, Texas law permits an award of attorneys' fees that are "reasonable and necessary[.]" (Doc. 140 at 6-7.) This includes fees for appellate work. *See Keith v. Keith*, 221 S.W.3d 156, 169 (Tex. App.–Houston [1st Dist.] 2006, no pet.). The reasonableness of the fees is determined by applying the eight factors identified in *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997):
> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
> (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

[9] Plaintiff's counsel also incorporated by reference the relevant background information at the October 31, 2014 hearing.

judgment,[10] he reduced the total fees by $13,327.50.  (Doc. 116 at 12.)

Overall, Plaintiff's evidence satisfies one, three, four, seven, and eight of the *Andersen* factors.[11]  *See In re Estate of Tyner*, 282 S.W.3d 179, 184 (Tex. App.–Tyler 2009, no pet.) (". . . attorney swore under oath that he is a licensed attorney, he is familiar with the reasonable and necessary attorney's fees charged for appeals in civil actions such as this case, he has personal knowledge of the services rendered to [the party] in this matter, and those services were reasonable, necessary, and customary.  Thus, [the party's] attorney's affidavit sufficiently established reasonable attorney's fees and is legally sufficient to support the trial court's award of attorney's fees.").  Under Texas law, Plaintiff's evidence is "legally sufficient" for an award of attorneys' fees on appeal.[12]

**A.  <u>Supersedeas Bond Motion</u>**

Plaintiff seeks to recover the fees it incurred as a result of Defendant's deficient supersedeas bond motion.  (Doc. 151-1 at 5.)

On May 9, 2013, Defendant filed a motion for approval of an insufficient supersedeas bond without conferring with Plaintiff.  (Doc. 121.)  Defendant withdrew the motion and filed a new

---

[10]  Billing judgment "refers to the usual practice of law firms in writing off unproductive, excessive, or redundant hours[.]"  *Walker v. U.S. Dept of Housing and Urban Development*, 99 F.3d 761, 769 (5th Cir. 1996).

[11]  Factors two, five, and six are neutral. There is no evidence that Plaintiff's counsel was precluded in accepting other employment, or that Plaintiff or the circumstances imposed any time limitations.  There was also no evidence of a prior professional relationship between Plaintiff and its counsel.

[12]  As noted, Defendant's counsel testified, but Plaintiff's objection to that testimony has been sustained.  In response to the motion for leave to file supplemental briefing, Defendant also submitted a document with comments on Plaintiff's billing invoices.  (*See* doc. 156.)  In order to controvert Plaintiff's evidence, Defendant must file an affidavit or submit testimony contesting the reasonableness of Plaintiff's attorney's fee claim.  *See* Tex. Civ. Prac. & Rem. Code § 18.001(b) ("Unless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary."); *Ellen v. Carr*, No. A14-92-0292-CV, 1992 WL 347783, at *2 (Tex. App.–Houston [14th Dist.] Nov. 25, 1992, writ denied) (unpublished).  Defendant's unsworn document is not competent evidence controverting Plaintiff's evidence.  *See Keith*, 221 S.W.3d at 169 ("The general rule is that an attorney's statement must be under oath to constitute evidence.").

unopposed motion only after Plaintiff helped Defendant "put[] the bond and motion into proper form." (Docs. 125, 126; 151-1 at 6, 17-18.) Defendant contends that Plaintiff could have executed on the judgment rather than working with it to correct its motion. (Doc. 155 at 10.) Even if Plaintiff had begun executing on the judgment, it still would have incurred attorneys' fees to do so. Defendant also argues that any fees incurred curing Defendant's supersedeas bond motion should be excluded because it was unrelated to the "prosecution of the breach of contract claim[.]" (Doc. 155 at 10.) The work for the supersedeas bond motion does not relate solely to the claims for which fees are not recoverable and should not be excluded. The amount of $4,440.00 should be awarded.

**B.     Fifth Circuit Appellate Conference Program**

Plaintiff seeks an award of $17,752.50 in attorneys' fees it incurred for mediation at the appellate level. (Doc. 151-1 at 4.) It provides evidence that it participated in the Fifth Circuit's Appellate Conference Program at Defendant's request. (*Id.*) Defendant argues that only part of the fees incurred for mediation should be awarded because Plaintiff voluntarily participated in the program. (Doc. 155 at 15-16.) It also contends that the time spent in preparation for mediation was largely duplicative of the efforts for the appeal itself. (*Id.*) There is no evidence of duplicative work by Plaintiff in preparing for the mediation. In fact, the parties participated in mediation before the parties filed their appellate briefs. (Doc. 151-1 at 42, 45.) The full amount of fees incurred, $17,752.50, should be awarded.

**C.     Appeal**

Plaintiff seeks an award of $82,239.13 (95% of $86,567.50) in attorneys' fees for the appeal itself. (Doc. 151-1 at 4.)

Defendant raised four issues on appeal: federal preemption, jury instruction on damages, jury

instruction on breach of fiduciary duty, and insurance.  (*See* docs. 149; 151-1 at 8-9.)  Plaintiff's counsel testified that 95% of the fees incurred while defending the judgment on appeal was recoverable because only the jury instruction on the breach of fiduciary duty issue related to a claim for which fees were not recoverable.

Defendant contends that the fees incurred in responding to its federal preemption defense should be segregated and excluded because it is "necessarily intertwined with [Plaintiff's] decision to pursue a federal common law claim[.]"  (Doc. 155 at 16.)  In Texas, attorneys' fees incurred in overcoming affirmative defenses to a recoverable claim and any "counterclaim that the plaintiff must overcome in order to fully recover on its contract claim" are recoverable.  *7979 Airport Garage, L.L.C.*, 245 S.W.3d at 507; *see also Tony Gullo*, 212 S.W.3d at 314.  Defendant argued that the federal common law non-delivery claim, under the Carmack Amendment, preempted any state law claims.  (*See* docs. 23-1 at 17; 122 at 3; 149 at 3.)  If Defendant had prevailed on its federal preemption defense, Plaintiff would not have recovered on the breach of contract claim.  Any fees incurred in an effort to defeat the federal preemption defense is therefore recoverable.  *See Tony Gullo*, 212 S.W.3d at 314; *see also Varner v. Cardenas*, 218 S.W.3d 68, 69 (Tex. 2007) (ruling that because the prevailing party's attorney's efforts to defeat a defense and counterclaim "were necessary to recover on their contract, [the fees related to the efforts were] recoverable.").

Defendant also argues for a reduction in the fee award because Plaintiff's billing invoices evidences the disfavored "block billing," citing to a federal case.  (Doc. 155 at 13-14.)  Texas law applies, however, and as noted previously (doc. 140 at 10), documentary evidence, e.g., billing records, is not required for recovery of attorneys' fees.  *See In re A.B.P.*, 291 S.W.3d 91, 99 (Tex. App.–Dallas 2009, no pet.).  Rather, "[t]he usual method of proof of the amount of reasonable

12

attorney's fees is the opinion testimony of lawyers testifying as expert witnesses." *Shed, L.L.C.*, 2009 WL 692609 at *10. Plaintiff's counsel testified to the amount of reasonable attorney's fees.

Only the jury instruction issue related to a claim for which fees were not recoverable, and it was a relatively small issue. (*See* doc. 149 at 18-20.) Plaintiff's counsel's testimony that 95% of the time for the appeal itself was spent on the contract claim appears reasonable. Of the $86,567.50 in fees Plaintiff incurred for the appeal, it should be awarded $82,239.13. (*See* doc. 151-1 at 4.)

**D.**     **Letter Briefs**

Plaintiff asserts that it should recover the full amount of the fees it incurred in drafting and filing a letter brief to the Fifth Circuit. (Doc. 151-1 at 10.) Prior to the scheduled oral argument, the Fifth Circuit Court asked the parties to draft and submit additional letter briefs relating solely to the issue of federal preemption. (*See* doc. 151-1 at 4, 10; 155 at 16.) As noted, any fees incurred in an effort to defeat the federal preemption defense is recoverable because Plaintiff could not have prevailed on the breach of contract claim otherwise. *See Tony Gullo*, 212 S.W.3d at 314; *see also Varner*, 218 S.W.3d at 69. Defendant's argument that Plaintiff admitted it was "embarrassed" that it ever pursued the federal non-delivery claim does not change the outcome. (*See* doc. 155 at 16.) The fees for the letter brief are recoverable, and $7,330.00 should be awarded.

**E.**     **Fee Award Litigation**

Plaintiff seeks a total $21,772.50 ($17,212.50 + $4,560.00) in attorneys' fees incurred after the filing of its original motion for fees in April 2013, while litigating its requests for attorneys' fees. (Docs. 115 at 19-20; 151-1 at 6-7.) This includes fees for filing (1) a reply to Defendant's response to its original fee motion, (2) a response to Defendant's objections to the recommendation concerning the amount of fees to be awarded, (3) a response and motion to strike Defendant's

13

"unauthorized supplemental brief" in response to the initial fee application, (4) its motion for leave to file a supplemental brief, and (5) a reply to Defendant's response to the motion for leave to file a supplemental brief. (Doc. 151-1 at 6-7.)

Defendant argues that Plaintiff's fees are excessive and duplicative because some of the fees were incurred due to its failure to produce unredacted fee bills. (Doc. 155 at 10-11.) Texas does not require fee invoices to adjudicate a fee application, however. *See In re A.B.P.*, 291 S.W.3d 91, 99 (Tex. App.–Dallas 2009, no pet.).[13]  This is not a basis for reducing the award.

Defendant also contends that its position that the requested fees for litigating the fee issue are excessive is supported by the cases Plaintiff cites. (Doc. 155 at 10-12.)  The awards in those cases may be distinguished, however.  In *McCully v. Stephenville Indep. Sch. Dist.*, No. 4:13-cv-702-A, 2013 WL 6768053, at *7 (N.D. Tex. Dec. 23, 2013), the court awarded $6,253 for drafting the attorney's fee motion only, and noted that the attorney's hourly rate was $75-125 lower than average. *Id.*  In *Shepherd v. Dallas County*, No. 3:05-cv-1442-D, 2009 WL 977294, at *3 (N.D. Tex. Apr. 10, 2009), the court awarded $1,560 in fees for responding to a party's objections to the magistrate judge's recommendation only. *Id.  Shepherd* is not clear on how complex or contentious the prosecution of the fee motion had been. *Id.*  In *Dippin' Dots, Inc. v. Mosey*, 602 F.Supp.2d 777, 785 (N.D. Tex. 2009), the court reduced the attorney's fees for preparing for oral argument in a second appeal and for preparing the motion for attorney's fees by 13% as "excessive, redundant, or otherwise unnecessary[,]" without further elaboration. *Id.*  Moreover, other courts have approved attorneys' fees incurred on fee applications in a higher amount. *See Bennigan's Franchising Co.,*

---

[13] Defendant has repeatedly objected to the redacted billing invoices in its opposition. (Docs. 122 at 6; 122-1 at 1-5; 142 at 7-8, 16-17.)  Review of the un-redacted billing invoices after their production pursuant to the District Court's order, however, did not assist in resolving the fee segregation issue. (*See* doc. 160.)

14

*LLC v. Team Irish, Inc.*, No 3:11-CV-0364-D, 2011 WL 5921540, at *4 (N.D. Tex. Nov. 28, 2011) (awarding $27,078.30 "for attorney's fees incurred in postjudgment briefing"); *see also X Tech., Inc. v. Marvin Test Sys., Inc.*, No. SA-10-CV-319-XR, 2012 WL 470208, at *2 (W.D. Tex. Feb. 13, 2012) (awarding $581,322 in attorneys' fees because the case was complex and highly contentious).

This case appears to have been highly contentious, and Plaintiff incurred attorneys' fees responding to Defendant's oppositions and supplemental briefs. Plaintiff "can recover any reasonable additional attorney's fees and costs incurred in adjudicating its fee motion." *Western-Southern Life Assur. Co. v. Head*, No. 3:07-CV-0270-D, 2007 WL 2112666, at *2 (N.D. Tex. July 18, 2007); *see Cruz v. Hauck*, 762 F.2d 1230, 1233-34 (5th Cir. 1985) ("It is settled that a prevailing plaintiff is entitled to attorney's fees for the effort entailed in litigating a fee claim and securing compensation. . . . As any prudent and reasonable attorney would do in this situation, [the p]laintiffs' attorneys replied to the [d]efendants' objections."); *Preston Exploration Co., LP v. GSP, LLC*, No. H-08-3341, 2013 WL 3229678, at *8 (S.D. Tex. June 25, 2013) (finding that "it is common practice to file a reply [to a fee application] and does not believe the filing of the reply itself is unreimbursable."); *Shepherd*, 2009 WL 977294, at *3 (awarding fees for responding to the defendant's objection to the magistrate judge's recommendation).

Because Defendant prevailed on its segregation argument, a deduction may be warranted, however. *See e.g., In re Teraforce Tech. Corp.*, 347 B.R. 838, 866 (N.D. Tex. 2006) (declining to award the prevailing party the fees it incurred responding to the non-moving party's objections when the objections "resulted in a partial disallowance of the requested fees."). Based on the record, a 30% deduction appears reasonable, and Plaintiff should be awarded $15,240.75 in additional fees

incurred in litigating its fee award.[14]

## VI. RECOMMENDATION

Plaintiff should be awarded $230,153.09 in attorneys' fees for the time spent on trial and prosecuting its original fee motion, and it should be awarded additional attorneys' fees incurred in the amount of $127,002.38.

**SO RECOMMENDED** on this 18th day of December, 2014.

                                                        IRMA CARRILLO RAMIREZ
                                                        UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                        IRMA CARRILLO RAMIREZ
                                                        UNITED STATES MAGISTRATE JUDGE

---

[14] Plaintiff is seeking attorneys' fees pursuant to Texas Civil Practice and Remedies Code § 38.001. (*See* docs. 115 at 8-9; 140 at 6; 147 at 2.) The parties cite no cases discussing whether the time spent on prosecuting a fee application is recoverable under § 38.001; both cite cases applying federal law. (Docs. 151-1 at 7-8; 155 at 12.)